JACOB WEISS, Appellant, *v.* LEO BROWN, Respondent.

First Department, June 2, 1922.

Bills and notes — action to recover on promissory note — defense of no consideration — plaintiff agreed with defendant and another to buy stock of corporation — part of agreement was to loan defendant money to be paid over to corporation for preferred stock — defendant agreed to give note in suit and to assign his preferred stock as security — profits to be divided equally, but first $2,500 of defendant's profits were to be applied on note — agreement as to paying part of profits on note was additional security — construction of contract was for court — evidence — parol evidence not admissible to show that note was to be paid from profits.

In an action to recover on a promissory note it appeared that the plaintiff and the defendant and another entered into an agreement whereby the plaintiff was to purchase the stock of a corporation of which the defendant and the other person were officers and directors, and, as a part of that agreement, the plaintiff agreed to lend to the defendant $12,500 which the defendant agreed to turn over to the corporation in payment for preferred stock, and the defendant agreed to execute a note to the plaintiff and as security therefor to transfer the preferred stock to him. The agreement further provided that the profits should be divided equally among the three parties, but that up to the first $2,500 of profits accruing to the defendant they should be paid directly to the plaintiff as a part payment of the loan.

*Held*, that the note in suit was given for an absolute loan to the defendant and that the provisions requiring partial payments on account of the loan out of the defendant's profits to the extent of $2,500 were intended to be for the benefit of the plaintiff in the nature of additional security for repayment of the loan and the note was not given conditionally nor was it in any wise dependent upon any of the profits realized from the business of the corporation.

It was a question for the court to construe the conceded written agreements between the parties which were plain and unambiguous, and it was error to submit to the jury what the contract between the parties was.

It was error for the court to admit parol evidence over the objection of the plaintiff for the purpose of showing that, although the note on its face was an absolute promise to pay to the plaintiff the sum of $12,500, it was in fact agreed between the parties that such payments were only to be made out of the profits of the business.

APPEAL by the plaintiff, Jacob Weiss, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of November, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying plaintiff's motion for a new trial made upon the minutes.

*Robert Moers* of counsel, for the appellant.

*Stone & Schleimer* [*Max Schleimer* of counsel], for the respondent.

GREENBAUM, J.:

The action was brought upon a promissory note and for interest due thereon. The complaint in its first cause of action sets forth a copy of the note for $12,500, dated September 9, 1920, made by the defendant to the order of the plaintiff, payable six months after date, and alleges its non-payment.

The second cause of action is based upon a written agreement between the parties pursuant to which the defendant was to pay interest on the note in weekly installments, no part of which has been paid, except the sum of fifty dollars.

The answer sets up as a first defense that the promissory note was made by the defendant " without consideration of any kind whatsoever." There was a second defense to the effect that the plaintiff procured the discharge of the defendant from his employment with the corporation known as the Hygrade Knitting Co., Inc., by reason whereof the defendant was damaged in the sum of $50,000. A counterclaim was also interposed setting up the identical facts alleged in the second defense. At the beginning of the trial the second defense was dismissed and the counterclaim was withdrawn by the defendant. The only defense that remained was that the note was given without consideration.

The undisputed facts bearing upon the question as to how the note in suit came to be issued will be briefly stated. It appears that the defendant and one William Kaufman were officers and directors of a corporation known as the Hygrade Knitting Co., Inc., in which each of them owned common stock of the par value

36

of $900. On or about the 7th day of April, 1920, the plaintiff entered into a written agreement as of the 24th day of February, 1920, for the purchase of the stock of the Hygrade Knitting Company, Inc. and to that end the plaintiff was to invest the sum of $41,100 in the following manner and amounts:

" (a) He will purchase $3,600 par value common stock of said corporation paying therefor $3,600 cash.

" (b) He will purchase $12,500 par value preferred stock of said corporation, paying therefor $12,500 in cash.

" (c) He will lend to the party of the first part [referring to Kaufman] the sum of $12,500, the same to be forthwith paid to the said corporation by the party of the first part in exchange for $12,500 par value preferred stock of said corporation.

" (d) He will lend to the party of the second part [referring to defendant] the sum of $12,500, the same to be forthwith paid to the said corporation by the party of the second part in exchange for $12,500 par value preferred stock of said corporation.

" Second. The party of the first part shall forthwith upon the making of the loan to him by the party of the third part of the sum of $12,500, as referred to in paragraph ' C ' of article 1, deliver to the party of the third part, his note for such amount payable at the end of two years with interest at 6% per annum and shall also deliver, duly endorsed to the party of the third part as security for said loan the said $12,500 preferred stock." Then follows a similar clause with respect to the loan of $12,500 to the defendant.

The contract also provided for the joint transfer of all the common stock to the parties of the first, second and third parts as voting trustees for the period of five years, it being recited that the " purpose of this trust shall be that the voting power of said stock shall be exercised only upon the unanimous consent of said parties."

It further provided that all profits shall be equally divided among the three parties, one-third to each, " notwithstanding the amounts of stock held by each of the said parties," and that " Profits shall be divided and distributed annually on the 1st day of May, 1920, and on each subsequent first day of May, for the fiscal year ending with each first day of May; it being agreed however that up to the first $2,500 of profits accruing to each of the parties of the first and second parts shall as to each be paid directly to the party of the third part as part payment of the loans to the parties of the first and second parts as referred to in Article First, that is to say each of the parties of the first and second parts shall be entitled to withdraw annually for their own

unrestricted use only so much of the profits, which as to each is in excess of $2,500 per annum."

The contract contained other provisions as to the official positions in the corporation of the several parties and also as to their employment by the corporation in certain capacities, their compensation for such services, and a reiteration as to the payments of $2,500 as follows:

" (b) Twenty-five hundred dollars of the annual salary of each of said parties of the first and second parts is to be paid directly to the party of the third part at the end of each year, as part payments of the loans of the parties of the first and second parts as referred to in Article First."

The evidence is that the plaintiff paid the sum of $41,000 in accordance with the terms of the agreement and that the stock was duly issued to each of the parties as agreed.

There was a subsequent written agreement executed between the plaintiff, defendant and Kaufman on the 8th day of June, 1920, as of the 24th day of February, 1920, which recites the agreement of the 7th day of April, 1920, and contains the following preamble: " Whereas by the terms of such agreement the said Jacob Weiss agreed to lend to each of the other parties hereto the sum of $12,500 each for the period of two years with interest at six per centum (6%) per annum." The agreement then provides that Brown and Kaufman " for the accommodation of the said Jacob Weiss will each make and deliver his respective promissory note in the sum of $12,500 payable at the end of six months; " and that said Weiss on the maturity of said note agrees to accept in place of the payment thereof in cash renewal notes of six months, and upon the maturity of such renewal notes to accept further renewal notes of six months each, the final one to mature on the 9th day of March, 1922, and that in the meantime the makers of the said notes, Brown and Kaufman, respectively, may pay interest in weekly installments of $6.25.

It was also therein provided that " the aforesaid agreement signed April 7th, 1920, as of February 24th, 1920, shall not be deemed in any way changed or amended by this agreement except as expressly herein provided, and the said agreement shall in all other respects continue and remain unaffected by the making of this agreement."

On the 15th day of December, 1920, there was a further agreement entered into between the plaintiff, defendant and Kaufman, in which after referring to the agreement in writing between them as of the 24th day of February, 1920, and to the provision therein that each of the parties was to be employed by the Hygrade

Knitting Co., Inc., it is stated: " Whereas, the corporation since the making of said agreement, has sustained large financial losses, and whereas, business conditions with respect to the corporation's particular line of business are at the present time in a very poor condition," therefore, in consideration of the premises it was agreed by the parties that the amount of the salaries due to each of them for services rendered to the corporation up to the date of the agreement " over and above the amount of drawings on account of salary already paid to and received by each of the said parties, is hereby waived, released and discharged, and all other claims of each of the parties hereto as against the said corporation for any matter, claim or thing, arising up to the present date, is hereby waived, released and discharged."

Upon the foregoing state of facts and although there was no claim that the agreements described were procured by fraud, the defendant was permitted over the objections of the plaintiff to introduce oral testimony tending to contradict and vary the terms of the agreements for the purpose of showing that although the note on its face was an absolute promise to pay to the plaintiff the sum of $12,500 it was in fact agreed between the parties that such payments were only to be made out of the profits of the business. The provisions of the agreements clearly warrant no such inference.

We find a number of consistent and unvarying references in the agreement which establish that the sum of $12,500 was regarded by the parties as an absolute loan to defendant for the repayment of which the note in suit was executed and that the provisions requiring partial payments on account of the loan out of the defendant's salary or profits to the extent of $2,500 were clearly intended to be for the benefit of the plaintiff in the nature of additional security for repayment of the loan. There is nothing in the agreement that suggests that the note was given conditionally or in any wise dependent upon the profits to be realized from the business of the corporation.

It is evident that the parties entered into a joint venture through the medium of the corporation in which the parties were to share equally in its profits and that the plaintiff loaned the defendant and Kaufman the sum of $12,500 each to entitle them to share in the prospective profits of the corporation.

Plaintiff moved for a direction of a verdict after both sides rested, but the motion was denied and exception was duly taken. It was left to the jury to find what the contract between the parties was, when it was a question for the court to construe the conceded written agreements between the parties which were plain and unambiguous. It is unnecessary to cite many authorities in support

of the well-established rule that oral proofs which tend to contradict the plain terms of a written agreement between the parties, are inadmissible.

It may, however, not be amiss to quote from *Banque Franco-Americaine* v. *Bergstrom* (171 App. Div. 870; affd., 225 N. Y. 710). In that case the court, after referring to the oral testimony which was there erroneously admitted by the trial court, stated that " it not only varied the terms of the drafts, but it also varied the written agreements contained in the letters accompanying the delivery of those drafts showing the circumstances under which the drafts were made, accepted and delivered.   While it is admissible to prove a conditional delivery of notes and drafts for the purpose of showing that they never became complete obligations because of the non-performance of conditions precedent, still, when the parties themselves reduce to writing in documents separate from the notes or drafts the conditions under which the notes or drafts are delivered, they will not be permitted to vary the terms of those writings by showing alleged oral agreements contradicting them."

The judgment and order should be reversed, with costs, and a verdict directed for the plaintiff for the sum of $13,419.75, with interest from the 9th day of November, 1921, and costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Judgment and order reversed, with costs, and judgment directed for the plaintiff for the sum of $13,419.75, with interest from the 9th day of November, 1921, and costs.